IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CIVIL ACTION NO. 4:12 CV54 CWR-LRA

REBECCA WHITLEY WATKINS,                                      **PLAINTIFFS**
INDIVIDUALLY AND
AMOS S. WATKINS, JR.,
INDIVIDUALLY



GJW AND AJW, Minors by and                                    **PLAINTIFFS**
through their parents, and
Next friends, AMOS S. WATKINS, JR.
AND REBECCA WHITLEY WATKINS

**VERSUS**

**DR. SUZANNE CAROL HAWLEY, Individually**                    **DEFENDANTS**
**And in Her Official Capacity as Superintendent of**
**Quitman Consolidated School District;**
**QUITMAN CONSOLIDATED SCHOOL DISTRICT, a**
**Political Sub-division of Mississippi, Suzanne Carol Hawley,**
**Superintendent;**
**LEWIS J. JEFFERSON, Individually and in His Official**
**Capacity as President and Member of Quitman Consolidated**
**School District Board of Trustees;**
**LARRY HOWZE, Individually and in His Official capacity**
**As Vice-President and member of Quitman Consolidated School**
**District Board of Trustees;**
**CHRIS DEW, Individually and in His Official Capacity as Secretary**
**And Member of Quitman Consolidated School District Board of Trustees;**
**STEVIE CONNER, Individually and in His Official Capacity**
**As Member of Quitman Consolidated School District Board of Trustees, and;**
**JOHN DOES 1-20**

## JURY TRIAL DEMANDED

---

## COMPLAINT

---

THIS IS A CIVIL ACTION to recover actual and punitive damages against individual

1

Defendants, and to recover actual damages against the governmental subdivision, and those Defendants, acting in their official capacity. The Plaintiffs present the following in support of this action:

## JURISDICTION

### 1.

This Court has federal jurisdiction of this civil action, arising from asserted issues of rights under the First Amendment, Freedom of Speech, Fourteenth Amendment Due Process Rights, Right of Privacy and other Constitutional issues. Federal law is at issue in this civil action. This Court has "Federal Question" jurisdiction pursuant to 28 U.S.C. § 1331. This civil action is brought pursuant 42 U.S.C. § 1983.

## VENUE

### 2.

Venue is proper for this civil action in THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, EASTERN DIVISION wherein all of the Plaintiffs and Defendants are located or reside, in Quitman, Clarke County, Mississippi.

## PARTIES

### 3.

Rebecca Whitley Watkins, and Amos S. Watkins., Jr., each individually, are adult resident citizens of Quitman, Clarke County, Mississippi.

4.

GJW and AJW are minor resident citizens of Quitman, Clarke County, Mississippi, and appear in this action by and through their legal guardians, parents, and adult next friends, Rebecca Whitley Watkins, and Amos S. Watkins., Jr.

5.

Defendant, Dr. Suzanne Carol Hawley, is the Superintendent of Quitman Consolidated School District and is a Defendant in her official capacity as Superintendent, and she is a Defendant in her individual capacity.   The Defendant may be served with process from this Court and with a copy of this complaint at the School District's Central Office, located at 104 East Franklin Street, Quitman, MS 39355.

6.

Defendant, Quitman Consolidated School District, a political subdivision of the State of Mississippi, is a school district duly constituted, established and operating under the laws of the State of Mississippi.  The Defendant may be served with process from this Court and with a copy of this complaint by serving Dr. Suzanne Carol Hawley, Superintendent, at the School District's Central Office, located at 104 East Franklin Street, Quitman, MS 39355.

7.

Defendant, Lewis J. Jefferson, is a member and President of the Quitman Consolidated School District Board of Trustees, and he is a Defendant in his official capacity, and he is a Defendant in his individual capacity.  The Defendant may be served with process of this Court and with a copy of this complaint at the school District's

Central Office, located at 104 East Franklin Street, Quitman, MS 39355, or, at his residence, 16 County Road 2621, Shubuta, MS 39347.

8.

Defendant, Larry Howze, is a member and Vice-President of the Quitman Consolidated School District Board of Trustees, and he is a Defendant in his official capacity, and he is a Defendant in his individual capacity. The Defendant may be served with process of this Court and with a copy of this complaint at the School District's Central Office, located at 104 East Franklin Street, Quitman, MS 39355, or, at his residence, 31 County Road 310, Pachuta, MS 39347.

9.

Defendant, Chris Dew, is a member and Secretary of the Quitman Consolidated School District Board of Trustees, and he is a Defendant in his official capacity, and he is a Defendant in his individual capacity. The Defendant may be served with process of this Court and with a copy of this complaint, at the School District's Central Office, located at 104 East Franklin Street, Quitman, MS 39355, or, at his residence in Stonewall, MS 39363.

10.

Defendant, Stevie Conner, is a member of the Quitman Consolidated School District Board of Trustees, and is a Defendant in his official capacity, and he is a Defendant in his individual capacity. The Defendant may be served with process of this Court and with a copy of this complaint, at the School District's Central Office, located at 104 East Franklin Street, Quitman, MS 39355, or, at his residence, 1174 County Road 631, Quitman, MS 39355.

11.

Defendants, John Does, 1-20, are not known to the Plaintiffs at this time, therefore, said Defendants are sued by fictitious names. Upon ascertaining the true name or names of the John Doe Defendants, Plaintiffs will seek leave to substitute the true name in place of the fictitious name or names.

12.

The Defendant, Quitman Consolidated School District, is a "person", which may be sued for acts in deprivation of Plaintiffs' rights causing injury and damages pursuant to 42 U.S.C. § 1983. The Quitman Consolidated School District policy makers, the Superintendent, the named School District Board of Trustees, have committed acts of deprivation of the Plaintiffs' U.S. Constitutional, federal statutory, State Constitutional and state statutory rights.

13.

The named individual Defendants, and the named Defendants acting in their official capacity, are the policy makers of the Quitman Consolidated School District, and their adverse unlawful acts in depravation of Plaintiffs' rights were actions against the Plaintiffs under color of state law, which caused injury and damage to the Plaintiffs. At all relevant times the individual Defendants named herein, were acting under color of Law, with full authority, acting in their capacity as officers and policy makers of the Quitman Consolidated School District.

14.

The Defendants deprived the Plaintiffs of rights guaranteed by the United States Constitution or rights guaranteed by federal statutes, which caused Plaintiffs injury and

damage. The named Defendants, sued herein, in their individual capacity, committed acts in violation of federal and state clearly settled law in the depravation of the Plaintiffs' Constitutional, federal and state rights, which caused the Plaintiffs injury and damage.

## FACTS

### 15.

The Plaintiffs, Rebecca Whitley Watkins, and Amos S. Watkins., Jr., are long-time residents of Quitman, Clarke County, Mississippi. Amos S. Watkins, Jr., is a career trans-continental and international commercial airline pilot for Delta Airlines. Both Plaintiffs are active participants in community, civic, and religious institutions in their community. Rebecca Whitley Watkins is a local, state, and national participant in institutions, agencies, and committees for the welfare and betterment of children. The Plaintiffs, Rebecca Whitley Watkins, and Amos S. Watkins., Jr., assert their claims individually, for relief, pursuant to 42 U.S.C. § 1983 for the violation and depravation of their U. S. Constitutional, Federal Statutory, and State Statutory legal rights.

### 16.

GJW, and AJW, are thirteen-year old twin sons of Rebecca Whitley Watkins, and Amos S. Watkins., Jr. The twins have been students in the Quitman Consolidated School District receiving special education and special educational services from 2002 to the present. The students were classified as children with disabilities, Autism/Autism Spectrum Disorder, in 2006. In August 2010, the students entered the sixth grade at Quitman Junior High School.

## FIRST AMENDMENT
## PROTECTED FREE SPEECH
## RETALIATION

17.

The Plaintiff, Rebecca Whitley Watkins, was duly and constitutionally elected to the office of Board of Trustees, Place Four-Clarke County, Quitman Consolidated School District, in November 2009, and, on the sixth day of January, 2010, she assumed the duties of the office and began her service in accordance of the laws of the State of Mississippi. She was sworn in as the first female member of the Board of Trustees of the School District. Shortly after assuming her duties, the Plaintiff, Rebecca Whitley Watkins, made public statements in an unfavorable, critical analysis of facts and information relating to the School District's administration, and the performance of the School District's Superintendent. The Plaintiff spoke publicly in the board meeting, of her disagreement and concern for the performance of the School District. The Superintendent presented information of her excellent performance and information of the School Districts' excellent performance. The Plaintiff presented information to the contrary and cited the statistical information showing the Superintendent's lack of performance and the School Districts' under-performing results in many crucial areas of employment, loss of experienced teachers and personnel, and under-performance in educational areas. These public statements were made, in the School Board meetings, and were statements of public concern. The School District's and the Superintendent's response, to the outspoken proclamation and criticism, was extremely negative and hostile. The Defendants initiated actions of retaliation and harassment against the Plaintiff Parents and the Plaintiff Students. The Plaintiff Students became the subject and victim of the campaign of retaliation and harassment.

18.

In August of 2010, the Plaintiffs, Rebecca Whitley Watkins, and Amos S. Watkins., Jr., were aggrieved and objected to the actions of the Defendants for their denial of special education services for their children with disabilities, Autism/Autism Spectrum Disorder.  They protested the actions of the superintendent, and the school district's inappropriate, unlawful, disruptive changes to the children's IEP, which had been in place since April of 2010.  Defendants' disruptive, unlawful changes, denied the Plaintiff Parents' children the necessary services for their education. The Defendant School District received funds for special education services for the Plaintiff Students and for other students, similarly classified as children with disabilities.  The Defendant School District, denied the Plaintiff Students entitled access to meaningful public education, denied the Plaintiff Students entitled access to the federally funded special education services, and unlawfully discriminated against the Plaintiff Students, causing serious, permanent loss, injury and damage to the Plaintiffs.  These acts were discriminatory and were in retaliation for the Plaintiffs' opposing unlawful practices in denial of the Plaintiff Students' entitled services and benefits.  These acts of discrimination and retaliation continued over a period of approximately two years.  The acts were unlawful, in violation of Title II of the ADA, as well as, a violation of Section 504 of the Rehabilitation Act.  These acts deprived the Plaintiff Parents' their First Amendment Rights of Free Speech.  These Retaliatory Acts, some of which are identified   herein, were taken against the Plaintiffs to penalize the Plaintiffs and deny the Plaintiffs their entitled benefits under the law.  The Retaliatory Acts were taken against the Plaintiffs to suppress their free speech and to punish them for advocating for the rights of their minor children with disabilities.

19.

The Defendants' retaliatory actions persisted from April 2010, for approximately two years. Among the acts of retaliation, but not limited to, were the following:

a. Inaccurate charge that the Plaintiff, Rebecca Whitley Watkins, was unlawfully serving as a member of the School Board while serving as President of the PTO.

b. In the months of April, May, June and July, the Defendant Hawley, created an atmosphere of intimidation and hostility toward the Plaintiffs relating to their statement of protest.

c. Defendant, Hawley, called one of the teachers into her office and charged that the Plaintiff Rebecca Whitley Watkins had demanded her transfer to another school. The allegation upset and angered teachers. The Superintendent's charge was false.

d. The Defendant Hawley, in August 2010, in acts of retaliation, convened an inappropriate IEP meeting presided over by a law firm paralegal. Motivated by retaliation, the Defendant, Hawley, inserted a law firm paralegal into the IEP, for the Plaintiffs' children, which was the beginning of a legal war, executed and carried out against the Plaintiff Parents and the Plaintiff Students.

e. A paralegal of a law firm presided over the August 2010 IEP, which took away entitled benefits and denied access to special education services to the Plaintiff Students and penalized the Plaintiff Parents.

f. On September 30, 2010, the Defendants Hawley and School District, filed a formal legal action against the Plaintiff Parents and their two minor Plaintiff

children. The filing of this complaint and the actions taken thereafter were acts in retaliation against the Plaintiffs.

g.  The Defendants, Hawley and the School District, filed against the Plaintiffs, an unauthorized, unnecessary, and unprecedented legal action.

h.  Defendants' exparte communication with the hearing officer was in violation of Plaintiffs' Fourteenth Amendment Rights of Due Process.

i.  Defendants' actions, in denial of an adequate, fair hearing, violated Plaintiffs' rights.

j.  The Defendants, Hawley, the School District, and the named members of the School Board of Trustees, participated in the acts of retaliation, and specifically approved the acts of retaliation by paying for over three hundred thousand dollars ($300,000) of school district funds for legal services and expenses relating to these actions.

k.  The Defendants, Hawley and the School District, retaliated against the Plaintiffs, in violation of the law, by the release of private and confidential information of the Plaintiffs.

l.  On many instances, the Defendants, Hawley and the School District, were found in violation of law and regulations. Many of these violations were acts of retaliation against the Plaintiffs.

The Defendants committed other acts of retaliation, harassment and intimidation against the Plaintiffs.

20.

The actions of retaliation and harassment were a violation of Plaintiffs' rights. The Plaintiff Rebecca Whitley Watkins First Amendment rights and protection, prohibits the direct limitation of her protected speech, and prohibits adverse government actions against the Plaintiff because of her exercise of First Amendment freedoms. The Defendants' actions of retaliation and harassment were a depravation of the rights of the Plaintiff Rebecca Whitley Watkins right of free speech. The Defendant School District and the Defendant Suzanne Carol Hawley, Superintendent, acted pursuant to official policy, or custom, or decision to penalize the Plaintiffs by denial of entitled benefits. The Defendants directed retaliatory action against the Plaintiff Parents and the Plaintiff Students. The retaliatory actions, with knowledge, were substantially motivated by Rebecca Whitley Watkins speech. The Defendant members of the Board of Trustees participated, with knowledge, in the policy and decision for retaliatory and harassment actions against the Plaintiffs. Plaintiff Rebecca Whitley Watkins exercise of free speech was the basis and motivation for Defendants' retaliatory, adverse actions against the Plaintiffs.

21.

The Defendants violated the Plaintiffs' rights under ADA, 42 U.S.C. § 12132, § 504 Rehabilitation Act of 1973, 29 U.S.C. § 701 et.seq. The Defendants' acts of retaliation for inappropriate practices of the School District's administration, violated the federal statutes, which protects the Plaintiffs from retaliation. The Defendants acts in retaliation were without justifiable, reason or cause. The Plaintiff's protected activity was the exercise of her constitutionally guaranteed right of free speech. The Defendants'

11

adverse action penalized the Plaintiffs in the denial of entitled benefits and rights.  These wrongful acts of retaliation by the Defendants, with knowledge, caused substantial loss and injury to the Plaintiff Students and the Plaintiff Parents.  The Plaintiffs were deprived of their constitutional rights of equal protection of law, due process of law, and free speech.

## FOURTEENTH AMENDMENT RIGHT OF DUE PROCESS
## DENIAL OF RIGHTS-ENTITLED BENEFITS

22.

In August 2010, the Plaintiff Students began the school year in the Quitman Junior High School.  In April 2010, preceding the entry of the Sixth Grade School Year, the Students and Parents participated in the required IEP for the 2010-2011 school year.   The IEP developed the Special Education Plan and Special Education Service Plan for the 2010-2011 school year for the Plaintiff Students.  GJW and AJW were designated and classified as children with disabilities, Autism/Autism Spectrum Disorder, pursuant to law.  This meant that the students were performing academically at a level, on track for independent living, integrated into society, on their own, as opposed to institutional care or dependence on others for care and supervision in daily life.  In August 2010, the Defendant, Suzanne Carol Hawley, Superintendent, and the Defendant School District, convened another IEP and inappropriately revised the Plaintiff Students' IEP.   This adverse action, in retaliation, was unnecessary, contrary to the best interest of the Students and unlawful.

23.

The revision of the IEP was detrimental because it removed special education services which had been specifically designed and ordered for these students to meet their

unique educational requirements, to keep them on track for attaining a status of independent living, fully integrated in society, and making a contribution to the community, as opposed to living in conditions of required institutional care or living in conditions of dependent daily care and supervision.  This action of retaliation penalized the Plaintiffs by denying them entitled benefits.    Subsequently, the School District, in retaliation, filed an unauthorized, Due Process legal action against the Plaintiff Parents and Plaintiff Students.

24.

The Mississippi Department of Education, Office of Special Education, has in place a process for the Parents and the District to resolve issues of disagreement, without the intervention of legal action, legal personnel, lawyers, and the requirement of burdensome expense.    The Mississippi Attorney General's Office provides lawyers assigned to the MDE to assist the School Districts in legal issues or legal controversy, without charge to the districts or to the parents.    The filing of the unnecessary, Due Process, legal action, preempted this process and thrust the parties into expensive, lengthy legal action producing no significant beneficial results to any of the parties.  The School District filed the costly and unnecessary legal action against the parents, when the parents were asking for the process to proceed to a proper resolution without cost to the District or cost to the Parents.  Never before has the School District filed such a legal action against parents and students.    This action was an unfair, discriminatory action, treating these parties differently, in this circumstance, from other parties in similar circumstances.  This action, on the part of the Defendants, was a wrongful, retaliatory action in violation of

§ 504 of the Rehabilitation Act of 1973, 29 U.SC. § 701, et.seq., and Title II of the ADA, § 12132.

25.

The Defendant Suzanne Carol Hawley, Superintendent, through the resources of the Defendant School District, with the participation and support of the named Defendant members of the Board of Trustees, inserted a powerful legal force into the administration and provision of special education and special education services for the Plaintiff Students. Through the actions of the legal force, the IEP and decision-making, relative to the Special Education of the Plaintiff Students, has been influenced to the detriment of the Plaintiff Students. The Superintendent inserted a paralegal of a national law firm to serve as the presiding member of the Plaintiff Students' IEP Committee. The IEP Committee, as directed by this legal force, was to the detriment of the Plaintiff Students. The insertion of this legal force into the special education of the Plaintiff Students has created a legal war atmosphere surrounding the special education of the Plaintiff Students, which has resulted in regression and diminution of the Students' educational progress. The Defendant, Suzanne Carol Hawley, Superintendent, and the named Defendant School Board Members, have unnecessarily incurred and spent more than three hundred thousand dollars ($300,000) of School District funds for legal fees and expenses for the legal war unleashed on the Plaintiff Parents and the Plaintiff Students. This legal war has denied Plaintiffs' rights and entitled benefits and has denied the Plaintiffs an adequate, fair hearing with due process of law. The Defendants have caused the Plaintiffs irreparable, substantial, permanent, serious injury, loss and damage. The actions of the Defendants, each acting in their individual capacity, in executing this legal war on the parents and

children, is deliberate, with indifference, and in willful, reckless disregard of the rights of the Plaintiffs as guaranteed by law and the constitution. These horrific actions of the Defendant are contrary to, and in violation of law, and violate the Plaintiffs' rights of due process and equal protection of the law.

26.

The Defendants, acing under color of law, violated Federal law, State aw, and Federal and State regulations, which deprived Plaintiffs' rights and benefits of the Federal law and caused the Plaintiffs' injury and damage. 20 U.S.C.S. § 1400 et sec, (IDEA) mandates that State Educational Agencies, receiving Federal funds, must establish and maintain safeguards to insure that children with disabilities will receive a free, appropriate, public education (FAPE). The lawfully mandated education must provide special education and special education related services, designed to meet the students' unique needs for further education, employment, and independent living. The Federal Act and the Mississippi Department of Education, require the School District to implement, for the Plaintiff Students, an individualized education plan (IEP), which must provide meaningful educational benefits that are progressive, not regressive, nor trivial in their educational advancement. A quality education for all school-aged children, in the state, is a Fundamental Right and public policy, Mississippi Code Annotated- § 37-1-2(f). Article three, Section 14 of the Mississippi State Constitution, provides the right to a public education in Mississippi, is guaranteed, with full substantive and procedural due process. In many instances, the Defendants violated the Plaintiffs' rights under Federal and State statutory law. The Defendants' violation of law deprived the Plaintiffs their entitled

benefits of the law. These actions are an affront to the noble purpose of the law, which

provides children with disabilities Special Education, and Special Education Services.

> Education, and the acquisition of knowledge, are
> matters of supreme importance. …public schools are
> a most vital civic institution for the preservation of a
> democratic system of government, and is the primary
> vehicle for transmitting the values on which our
> society rests. …Education has a fundamental role in
> maintaining the fabric of our society. We cannot
> ignore the significant social cost borne by our nation
> when select groups are denied the means to absorb the
> values and skills, upon which, our social order rests.
>
> But more directly, education prepares individuals to be
> self-reliant and self-sufficient participants, in society.
> illiteracy is an enduring disability. The inability to read
> and write will handicap the individual deprived of
> basic education, each and every day of his life. …
> It is doubtful that any child may reasonably be expected
> to succeed in life, if he is denied the opportunity of an
> education. Such an opportunity, where the state has
> undertaken to provide it, is a right, which must be made
> available to all on equal terms.

*Pyler v. Doe*, 457 U.S. 202, 1982, the Defendants' violation of law, adverse action, and

punitive acts toward the Plaintiffs, denied the Plaintiffs their substantive rights, entitled

benefits, property rights, and deprived the Plaintiffs' their Fourteenth Amendment rights

of due process.

27.

The injury and damages from the Defendants' actions in the denial of Plaintiff

Students' basic opportunity for the benefits of special education and special education

services are inestimable. Every day in the life of the Parents and every day in the life of

the Students, they will experience the burden of serious, permanent loss. The lasting

impact on the life of the Plaintiff Students from the deprivation and loss of the entitled

16

education benefits of the Plaintiff Students is a substantial right protected by due process under the Fourteenth Amendment.  The Plaintiff Students are entitled to their rights of due process of law and equal protection of law.

28.

The Defendants' unlawful actions caused serious regression and permanent loss in the Plaintiff Students' education. The Defendants' actions caused the students other substantial injuries and damages and deprived the Plaintiff Students of rights and benefits in violation of federal law, and deprivation of their constitutional rights.

## FOURTEENTH AMENDMENT-DUE PROCESS OF LAW
## FEDERAL LAW (IDEA) 20 U.S.C.S.  § 1400 ET SEQ

29.

The Defendants, acting under color of law in their individual capacity, violated federal law and regulations, which deprived Plaintiffs' rights and benefits of the federal law and caused the Plaintiffs injury and damage.  The Defendants, acting under color of law, in their individual capacity and acting in their official capacities, violated 20 U.S.C.S. § 1400 et seq., and Federal and State regulations in deprivation of the Plaintiffs' rights, which caused injury and damage to the Plaintiffs.

30.

On many specific instances, the Defendant School District and the other named Defendants were found to be in violation of Federal law, Federal regulations, and State regulations.   The Defendants denied Plaintiff Students a good faith alternative to becoming mainstream and the placement of Plaintiff Students in the least restrictive environment. These violations of law deprived the Plaintiffs' entitled benefits.   The Defendants' violation of law, retaliatory actions, and punitive acts, denied the Plaintiffs

17

their substantive rights and benefits, which caused substantial injury and damage to the Plaintiffs. The Defendants' unlawful actions of denial of rights and benefits, violated the Plaintiff's Fourteenth Amendment rights of due process of law.

## FOURTEENTH AMENDMENT
## RIGHT OF PRIVACY

### 31.

GJW and AJW, the twin students with disabilities, Autism/Autism Spectrum Disorder, were achieving their expected levels of education in the Quitman Consolidated School District through the completion of the fifth grade (2009-2010). They were well assimilated into the student body, participating in the regular school activities, extra curricular activities, school band, and social activities while receiving the benefits of special education and special education services. Information regarding the classification of the Plaintiff Students, as special education students with the disability of Autism/Autism Spectrum Disorder was confidential and private. The Plaintiffs had a legitimate expectation of maintaining privacy of the information related to the Students with the disability of Autism/Autism Spectrum Disorder and their special education. The Defendants' action caused Plaintiff Students to be the victims of bullying, stigmatization, and adverse social treatment. The information of the health, neurological diagnosis, medical, and psychological information, and educational classification information, was private and confidential and was not to be disclosed without parental authorization. The Plaintiff Parents had a legitimate expectation of privacy in the communication and information, which was protected by the Family and Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232, et cet. The Plaintiff Students' education was not the subject of public legitimate concern and the Defendants' disclosure of the private family

information and communication was not rationally related to a legitimate State Purpose. The Defendants violated the fundamental liberties of the Plaintiffs in the right to direct their children's education, emotional and mental development, and all related treatment. The Defendants' action, of disclosing private information and communication, is in violation of Federal statutory law and State statutory law.

32.

The Defendant School District and the Defendant Suzanne Carol Hawley, Superintendent, violated the Plaintiffs' rights to privacy in the wrongful publication of information of the identity and circumstances of the statutorily protected right of privacy for personal information. This breach of the right of privacy was a depravation of the Plaintiffs' constitutional rights of due process. The Defendants published Plaintiffs' private information, without authority, in the newspaper, the internet, and on the School District website, in violation of Plaintiffs' rights of privacy. Plaintiffs' private and confidential information was disclosed unlawfully, without authorization and for no lawful purpose. The Defendants' wrongful, unauthorized acts were deliberate, willful, and in reckless disregard for Plaintiffs' privacy and confidentiality, which caused the Plaintiffs substantial, permanent, irreparable injury and damages.

### DISCRIMINATION–RETALIATION TITLE II, ADA 42 U. S.C. § § 12101-12213 § 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C § 701 et seq- § 794(a)

33.

The Defendants, in violation of federal law, § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et. seq., and Title II of the ADA, 42 U.S.C. § § 12101-12213, discriminated against the Plaintiff Students because of their disabilities. The Defendants,

in violation of law, retaliated against the Plaintiffs. Although the Plaintiff Students were qualified to participate in federally funded Special Education Services of the School District, the Plaintiffs were excluded from participation.    In August of 2010, the Plaintiffs, Rebecca Whitley Watkins, and Amos S. Watkins., Jr., were aggrieved and objected to the actions of the Defendants for their denial of Special Education Services for their children with disabilities, Autism/Autism Spectrum disorder.   They protested the actions of the Superintendent, and the School District's inappropriate, unlawful, disruptive changes to the children's IEP, which had been in place since April of 2010.  Defendants' disruptive, unlawful changes, denied the Plaintiff Parents' children the necessary services for their education. The Defendant School District received funds for special education services for the Plaintiff Students and for other students, similarly classified as children with disabilities.  The Defendant School District, denied the Plaintiff Students entitled access to meaningful public education, denied the Plaintiff Students entitled access to the federally funded special education services, and unlawfully discriminated against the Plaintiff Students, causing serious, permanent loss, injury and damage to the Plaintiffs. These acts were discriminatory and were in retaliation for the Plaintiffs' opposing unlawful practices in denial of the Plaintiff Students' entitled services and benefits.  These acts of discrimination and retaliation continued over a period of approximately two years. The acts of the Defendants were an exercise of bad faith or gross misjudgment in denying Plaintiff Students access to special education, special education services, technology, and facilities.   The acts were unlawful, in violation of Title II of the ADA, as well as, a violation of Section 504 of the Rehabilitation Act.   These acts deprived the Plaintiff Parents' their First Amendment rights of free speech.   These retaliatory acts, some of

which are identified herein, were taken against the Plaintiffs to penalize the Plaintiffs and deny the Plaintiffs their entitled benefits under the law. The retaliatory acts were taken against the Plaintiffs to suppress their free speech and to punish them for advocating for the rights of their minor children with disabilities. Defendants' acts are in violation of Federal Law, § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et.seq., and Title II of the ADA, 42 U.S. C. §§ 12101-12213.

34.

The Defendants, as alleged herein, have engaged in numerous, serious retaliation actions against the Plaintiffs. The Plaintiffs challenged the School District when it drastically changed the Plaintiff Students' IEP in August of 2010. The Defendants on numerous occasions violated the law and deprived the Plaintiffs' benefits and rights. The Defendants' acts of retaliation deprived the Plaintiffs' entitled benefits and rights under the law. The Plaintiffs were retaliated against for the Plaintiff Parents' vigilant advocacy for their children's rights and benefits for special education services. The Defendants initiated and executed a legal war of retaliation against the Plaintiffs. This action was initiated because the Plaintiff Parents advocated for their children with disabilities. The Plaintiff Parents expressed disagreement with the actions of the Defendants. The actions of the Defendants were in retaliation for the Plaintiff Parents' expression of disagreement.

35.

The Defendants' actions, in violation of Federal Law, were a depravation of the Plaintiffs' rights under the law, the Plaintiffs' Fourteenth Amendment rights of due process of law. Defendants' actions were in depravation of the Plaintiffs' constitutional

rights of First Amendment rights of protected free speech and rights of equal protection of law.

## **VIOLATED LAW REGULATION AND POLICY**

### 36.

From August 2010 through the present the Defendants continually violated law, regulation, and policy in the provision of special education and special educational services for the Plaintiff Students.   The Defendants failed to promulgate appropriate policy, failed to properly train personnel, failed to maintain experienced personnel, failed to provide and execute appropriate plans and programs of special education and denied entitled benefits and services. The Defendants', with reckless disregard for the rights and benefits of the Plaintiff Students, failed to carry out the mandates of applicable law in the provision of special education and special educational services.   The Defendants' violation in reckless disregard for the rights of the Plaintiff Students has caused serious, permanent injury and damage to the Plaintiffs.

## **JURY TRIAL DEMANDED**

### 37.

Plaintiffs demand a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States for all claims of injuries and damages.

A.      The Plaintiff, Rebecca Whitley Watkins, is entitled to recover actual and punitive damages as a result of the wrongful acts of the Defendants.   The Plaintiff, Rebecca Whitley Watkins, is entitled to recover for the Defendants' intentional infliction of emotional distress and mental anguish.

The actions of the Defendants in the wrongful publication of confidential and private information, the deliberate retaliatory actions against her, the retaliatory actions against her minor children, the deprivation of her constitutional rights of free speech, due process of law, equal protection of law, violation of federal and state law, and discrimination against her children have inflicted serious emotional, psychological, debilitating mental and physical injury, pain and suffering upon her for which she is entitled to recover actual and punitive damages. She is entitled to actual damages for her future mental, psychological, and physical injuries, pain and suffering and disabilities. She is entitled to recovery for all damages related thereto and all expenses, all of her past medical expenses, and all of her future medical expenses related to her injuries. The Plaintiff, Rebecca Whitley Watkins, is entitled to full compensation and damages for her injuries recoverable under Mississippi law and she is entitled to recover attorney fees, expenses and costs.

B.      The Plaintiffs request judgment against the Defendants for actual damages and for attorney fees and costs.

C.      The Plaintiff, Rebecca Whitley Watkins, is entitled to recover punitive Damages, against the named Defendants, acting in their individual capacity for her claim of intentional infliction of emotional distress. The actions of the Defendants were deliberate, willful, reckless and in disregard for her rights.      The Plaintiff, Rebecca Whitley Watkins, requests punitive

damages against the named individual Defendants, Dr. Suzanne Carol Hawley, Lewis J. Jefferson, Larry Howze, Chris Dew, and Stevie Conner.

D.  The Plaintiffs, GJW AND AJW, are entitled to recover full compensation and actual damages for their injuries and losses as a result of the wrongful acts of the Defendants.  The Defendants caused the minor Plaintiffs to suffer serious, permanent, mental, psychological, emotional regression, physical injury, pain, suffering, and mental anguish and loss, for which, the minor Plaintiffs are entitled to recover full monetary compensation, together with all expenses related thereto, including, but not limited to, the cost for medical, psychological, psychiatric, hospital, testing, rehabilitation services expended by the minor Plaintiffs and their parents.  In addition, the minor Plaintiffs are entitled to compensation for their future injuries and disability and all expenses related thereto in treatment, rehabilitation, and management of their disabilities and injuries, caused by the Defendants' wrongful actions.  The minor Plaintiffs have suffered loss of future employment, wages, earnings, and loss of future enjoyment of life and life's meaningful experiences in participation in community and society.  The minor Plaintiffs are entitled to recover full compensation and damages recoverable under Mississippi law.  The minor Plaintiffs are entitled to recover attorney fees, expenses and costs.

E.  The minor Plaintiffs are entitled to recover punitive damages from the named Defendants, acting in their individual capacity, for their deliberate indifference for the rights of the Plaintiffs and for their willful, reckless

disregard for the Plaintiffs' rights.

F.      The Plaintiffs are entitled to recover actual damages and attorney fees, and costs from the Defendants. The Plaintiffs are entitled to recover punitive damages, including attorney fees and costs, against the named Defendants Dr. Suzanne Carol Hawley, Lewis J. Jefferson, Larry Howze, Chris Dew, and Stevie Conner.

G.      The Plaintiffs, Rebecca Whitley Watkins, and Amos S. Watkins., Jr., as parents and next adult friends to the minor Plaintiffs, are entitled to fully recover all of the expenses, which they paid for the minor Plaintiffs, which were necessary because of the Defendants' wrongful actions. The Plaintiff Parents are entitled to recover all expenses related to the losses of the minors. The Plaintiff Parents are entitled to recover for all expenses paid, resulting from Defendants' wrongful acts.

H.      The Plaintiffs, Amos S. Watkins, Jr., individually, and Rebecca Whitley Watkins, individually, are entitled to recover from the Defendants, jointly and severally, full compensation for their injuries, loss and damages and loss resulting from the Defendants' wrongful acts in violation of the Plaintiffs' constitutional, federal law and state law rights.

I.      The individual Plaintiffs are entitled to recover from the Defendants, actual damages, attorney fees, and cost. The Plaintiffs are entitled to recover punitive damages against the named individual Defendants, Dr. Suzanne Carol Hawley, Lewis J. Jefferson, Larry Howze, Chris Dew, and Stevie Conner.

## JUDGMENT REQUESTED

### 38.

The Plaintiffs request judgment against the Defendants for actual damages, in the amount determined by a jury.  The Plaintiffs request judgment for attorney fees and cost.

### 39.

The Plaintiffs request judgment for punitive damages, in an amount to be determined by a jury, against the named Defendants Dr. Suzanne Carol Hawley, Individually, Lewis J. Jefferson, Individually, Larry Howze, Individually, Chris Dew, Individually, and Stevie Conner, Individually.  The Plaintiffs request judgment for attorney fees and costs.  *PLAINTIFFS DEMAND A TRIAL BY JURY*.

*This the 2nd day of April, 2012*

Respectfully Submitted,

Rebecca Whitley Watkins, Individually and Amos S. Watkins, Jr., Individually, and GJW and AJW, minors by and through their parents and next friends, Rebecca Whitley Watkins, and Amos S. Watkins, Jr.

**CARROLL H. INGRAM,**
**ATTORNEY FOR PLAINTIFFS**

**COUNSEL FOR PLANTIFFS:**

**INGRAM/WILKINSON, PLLC**
**CARROLL H. INGRAM, MSB 3023**
**JENNIFER INGRAM WILKINSON, MSB 99265**
P.O. BOX 15039
2901 ARLINGTON LOOP (39401)
Hattiesburg, MS 39404
601-261-1385 (telephone)
601-261-1393 (facsimile)

carroll@ingramlawyers.com
jennifer@ingramlawyers.com

**Bill T. May (MSB #2994)**
**HAMMACK, BARRY, THAGGARD & MAY, LLP**
505 Constitution Avenue
Post Office Box 2009
Meridian, Mississippi 39302-2009
Telephone:     (601) 693-2393
Facsimile:     (601) 693-0226
may@hbtmlaw.com