IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **REBECCA WHITLEY WATKINS, INDIVIDUALLY AND AMOS S. WATKINS, JR., INDIVIDUALLY** | **PLAINTIFFS** |
| **GJW AND AJW**, Minors by and through their parents, and Next friends, **AMOS S. WATKINS, JR. AND REBECCA WHITLEY WATKINS** | **PLAINTIFFS** |
| VS. | CIVIL ACTION NO. 4:12CV54CWR-LRA |
| **DR. SUZANNE CAROL HAWLEY, ET AL.** | **DEFENDANTS** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFFS' COMPLAINT**

All Defendants respond to the Plaintiffs' Complaint as follows:

**AFFIRMATIVE DEFENSES**

1. The complaint fails to state a claim against the Defendants upon which relief can be granted under the laws of the United States or the State of Mississippi. Therefore, this complaint should be dismissed.

2. All Defendants sued individually reserve the right to assert qualified immunity and to move the Court for dismissal of personal-capacity claims based on qualified immunity

3. To the extent the Plaintiffs have failed to exhaust their administrative remedies with respect to any cause of action, those claims are procedurally barred.

4. The Defendants are immune from punitive damages under federal law, including 42 U.S.C. § 1983, and other applicable statutes. Although no state law claims have been asserted, Miss. Code Ann. § 11-46-11, *et seq.*, bars punitive damages under state law.

5.	The conduct of the Defendants was not the proximate cause of the alleged violations of the Plaintiffs' constitutional rights.

6.	While denying that the Defendants took any action against the Plaintiffs for which the Defendants may be liable, the Defendants expressly plead that each and every action taken by the Defendants with respect to the Plaintiffs was taken in good faith and for legitimate reasons.

7.	The Defendants deny each and every material allegation by which the Plaintiffs seeks to impose liability upon the Defendants in any manner.

8.	The Plaintiffs failed to exhaust the due-process policies and procedures/administrative remedies of the District and are, therefore, estopped and barred from proceeding in this case

9.	Although the Plaintiffs have not alleged state law claims, out of an abundance of caution, the Plaintiffs have failed to properly provide notice of their claims under Miss. Code Ann. § 11-46-11.

10.	Although the Plaintiffs have not alleged state law claims, out of an abundance of caution, the Plaintiffs' claims are barred or limited by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 through § 11-46-23.  The Defendants are entitled to all protections, defenses, and immunities of Miss. Code Ann. § 11-46-1 through § 11-46-23.

11.	The Plaintiffs' claims may be barred by the applicable statutes of limitation.

12.	The Defendants would show that any and all damages sustained by the Plaintiffs, all being strictly denied, were directly and proximately caused in whole or in part by acts or omissions of the Plaintiffs or persons or entities for which the answering Defendants are neither responsible nor liable herein.

13. Although the Plaintiffs have not alleged state law claims, out of an abundance of caution, the Plaintiff is not entitled to a jury trial on state law claims pursuant to Miss. Code Ann. § 11-46-13, to the extent these claims are alleged.

14. Any award of punitive damages is unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

15. The Plaintiffs state no claim upon which punitive damages would be recoverable under any state or Federal law or the United State Constitution. Nevertheless at all times the Defendants exercised good faith efforts to comply with applicable laws. All conduct alleged to be violative of that statute would be contrary to the Defendants' efforts and established policies and cannot serve to impose punitive damage liability on the Defendants.

16. The actions of the answering Defendants have never involved actual malice or gross negligence which evidences a willful, wanton or reckless disregard of any constitutional rights.

17. Because discovery is ongoing, the answering Defendants reserve the right to assert any additional affirmative defenses and to assert any counter-claim or cross-claim that may be justified as additional facts become known.

18. The Defendants invoke all defenses to which they are entitled, pursuant to the applicable policies, standards, regulations, laws, statutes and authorities.

19. To the extent that the Plaintiffs have failed to fully mitigate their claimed damages, the entitlement to which is denied, those damages should be denied.

20. The Plaintiffs' claims are barred to the extent that the alleged damages, the existence of which is denied, were caused or contributed to by intervening intentional acts of third parties.

21. The Defendants are not liable under the doctrine of legislative, judicial, and common law sovereign immunity insofar as applicable in this action.

22. The Defendants deny any and all allegations or claims that they or any of their employees or agents violated, in any manner or nature, any provision of the United States Constitution or any other federal law or any provision of this State's Constitution or any other state law.

23. Although the Plaintiffs have not alleged state law claims, out of an abundance of caution, the Defendants are immune from the Plaintiffs' claims insofar as they are barred by Miss. Code Ann. § 37-61-19.

24. With all facts not being fully developed, the Defendants plead all defenses in Rules 8 and 12 of the Federal Rules of Civil Procedure. Rule 8 defenses include, but are not limited to, accord and satisfaction, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, waiver and any other matter constituting an avoidance or affirmative defense. Rule 12 defenses include, but are not limited to, lack of jurisdiction over the subject matter.

25. Although the Plaintiffs have not alleged state law claims, out of an abundance of caution, the District is not liable for any intentional acts alleged under state law as set forth in Miss. Code Ann § 11-46-1 et seq.

26. Any allegation not specifically admitted is thereby denied, and Defendants further deny that Plaintiffs are entitled to any relief in this matter.

27. Although the Plaintiffs have not alleged state law claims, out of an abundance of caution, all Defendants acting within the course and scope of their employment are immune from suit and from damages in their individual capacity.

28. The conduct of the Defendants was not the proximate cause of the Plaintiffs' alleged damages.

29. All Defendants reserve the right to assert they were not properly served and do not waive insufficient service of process.

30. To the extent the Plaintiffs have stated claims against individuals in their official capacities, these claims are redundant and should be dismissed.

31. The claims raised in the Complaint are barred by issue and/or claim preclusion and res judicata.

31. Defendant Dr. Suzanne Hawley, in her individual capacity, is an employee of Quitman Consolidated School District, and, as such, is an agent of the State of Mississippi.

Now, without waiving and expressly incorporating each of the affirmative defenses set forth above, all Defendants respond to the Plaintiffs' complaint, paragraph-by-paragraph, as follows:

## ANSWER

The Defendants deny the allegations of the first unnumbered paragraph. The Defendants specifically deny the Plaintiffs are entitled to recover damages of any amount or type from the Defendants.

## JURISDICTION

1.

The Defendants admit this Court has jurisdiction. All other statements of law are denied.

## VENUE

2.

Admitted.

## PARTIES

3.

The allegations of paragraph 3 do not call for a response from the Defendants.

4.

The allegations of paragraph 4 do not call for a response from the Defendants.

5.

The Defendants admit the correct address for service of process to Dr. Hawley is reflected in paragraph 5.

6.

The Defendants admit the correct address for service of process to the Quitman Consolidated School District (the "District") is reflected in paragraph 6.

7.

The Defendants admit Defendant Lewis J. Jefferson may be served with process at the District's Central Office, the address of which is reflected in paragraph 7.  The Defendants admit Defendant Jefferson may also be served at his personal address.

8.

The Defendants admit Defendant Larry Howze may be served with process at the District's Central Office, the correct address of which is reflected in paragraph 8.  The Defendants admit Defendant Howze may also be served at his personal address.

9.

The Defendants admit Defendant Chris Dew may be served with process at the District's Central Office, the correct address of which is reflected in paragraph 9.  The Defendants admit Defendant Dew may also be served at his personal address.

10.

The Defendants admit Defendant Stevie Conner may be served with process at the District's Central Office, the correct address of which is reflected in paragraph 10.  The Defendants admit Defendant Conner may also be served at his personal address.

11.

The allegations of paragraph 11 do not apply to the Defendants; therefore, no response is required.

12.

The statements of law are denied.  The factual allegations of paragraph 12 are also denied.

13.

The allegations of paragraph 13 are denied.

14.

The allegations of paragraph 14 are denied.

**FACTS**

15.

To the extent the allegations of paragraph 15 seek to impose liability on the Defendants, the allegations are denied.

16.

To the extent the allegations of paragraph 16 seek to impose liability on the Defendants, the allegations are denied.  The Defendants admit the Minor Plaintiffs are classified as children with disabilities.  The Defendants also admit the Minor Plaintiffs entered the sixth grade at Quitman Junior High in August 2010

**FIRST AMENDMENT
PROTECTED FREE SPEECH
RETALIATION**

17.

The allegations of paragraph 17 are denied.

18.

The allegations of paragraph 18 are denied.

19.

The allegations of paragraph 19, and all subparts therein, are denied.

20.

The allegations of paragraph 20 are denied.

21.

The allegations of paragraph 21 are denied.

**FOURTEENTH AMENDED RIGHT OF DUE PROCESS
DENIAL OF RIGHTS-ENTITLED BENEFITS**

22.

The allegations of paragraph 22 are denied.

23.

The allegations of paragraph 23 are denied.

24.

The allegations of paragraph 24 are denied.

25.

The allegations of paragraph 25 are denied.

26.

The allegations of paragraph 26 are denied.

27.

The allegations of paragraph 27 are denied.

28.

The allegations of paragraph 28 are denied.

**FOURTEENTH AMENDED-DUE PROCESS OF LAW**
**FEDERAL LAW (IDEA) 20 U.S.C.S § 1400 ET SEQ.**

29.

The allegations of paragraph 29 are denied.

30.

The allegations of paragraph 30 are denied.

**FOURTEENTH AMENDMENT**
**RIGHT OF PRIVACY**

31.

All statements of law are denied. The factual allegations of paragraph 31 are also denied.

32.

The allegations of paragraph 32 are denied.

**DISCRIMINATION-RETALIATION TITLE II, ADA 42 U.S.C. § 12101-**
**12213, § 504 OF THE REHABILITATION ACT OF 1973,**
**29 U.S.C. § 701, et seq - § 794(a)**

33.

The allegations of paragraph 33 are denied.

34.

The allegations of paragraph 34 are denied.

35.

The allegations of paragraph 35 are denied.

## VIOLATED LAW REGULATION AND POLICY

36.

The allegations of paragraph 36 are denied.

## JURY TRIAL DEMANDED

37.

The allegations of paragraph 37, and all subparts therein, are denied.  The Defendants specifically deny the Plaintiffs, or any one of them, are entitled to damages from the Defendants of any amount or type.

## JUDGMENT REQUESTED

38.

The allegations or paragraph 38 are denied.

39.

The allegations or paragraph 39 are denied.  The Defendants deny the Plaintiffs are entitled to punitive damages against any individual Defendant.

All allegations of the Complaint not specifically admitted are denied.

Wherefore, all Defendants request this Court dismiss the Plaintiffs' claims against them, assessing all costs to the Plaintiffs, and all other relief this Court deems necessary.

Respectfully submitted, this 23rd day of April 2012.

/s/  John S. Hooks

OF COUNSEL:

James A. Keith
Mississippi Bar No. 3546
John S. Hooks
Mississippi Bar No. 99175
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone:  601.353.3234
Facsimile:  601.355.9708

## CERTIFICATE OF SERVICE

  I, John Hooks, hereby certify that I have this day filed a true and correct copy of the above document with the Clerk of the Court using the CM/ECF System, which caused notice of filing to be served on all registered counsel of record.

  Dated:  April 23, 2012.

                /s/  John S. Hooks