IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**AMOS S. WATKINS, JR., et al.**                            **PLAINTIFFS**

**v.**                               **CIVIL ACTION NO. 4:12-CV-54-KS-MTP**

**DR. SUZANNE CAROL HAWLEY, et al.**                      **DEFENDANTS**

## ORDER

This case is fifteen months old. The parties have been able to conduct discovery for approximately eleven months. They have been conducting written discovery for the past ten weeks. A number of depositions – of individual Defendants, among others – are scheduled for July 9, 2013. On July 2, 2013, the individual Defendants filed a Motion for Summary Judgment [46] on the basis of qualified immunity, supported by their own affidavit testimony. In conjunction with the Motion for Summary Judgment, Defendants filed a Motion to Stay or Limit Discovery [48]. Therein, Defendants argue that the Court must stay discovery until it rules on their qualified immunity arguments.

In general, when a defendant asserts an immunity defense the "district court must first find that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. Leblanc*, 691 F.3d 645, 648 (5th Cir. 2012). "*After* the district court finds a plaintiff has so pled, if the court remains unable to rule on the immunity defense without further clarification of the facts, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the

immunity claim." *Id.*

It is often more efficient, though, for defendants to reserve some qualified immunity arguments until after the completion of general discovery. Indeed, "qualified immunity is largely a fact-based issue and thus enmeshed with the merits of plaintiff's claims." *Roderick v. City of Gulfport*, 144 F. Supp. 2d 622, 635 (S.D. Miss. 2000). Qualified immunity arguments generally fall into one of two categories: Rule 12(b)(6)-type arguments that a plaintiff has failed to allege the deprivation of a clearly established constitutional right, or Rule 56-type arguments that a defendant's conduct was objectively reasonable in light of the circumstances. Typically, the former can be addressed without discovery, while the latter can not.

Immunity-related discovery as to the objective reasonableness of a public official's actions usually encompasses most of the factual disputes in a case. One expects this to be the case, as the defendant's actions must be assessed in light of the circumstances surrounding them. *Newman v. Guedry*, 703 F.3d 757, 762 (5th Cir. 2012). For this reason, defendants frequently elect to reserve their fact-based qualified immunity arguments until after general discovery has been completed. *See, e.g.,* Agreed Motion for Order Regarding Rule 16, Immunity Defenses, and Discovery, *Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP (S.D. Miss. Mar. 22, 2012), ECF No. 6. The Court encourages this practice, as it consistently yields more efficient case resolution.

Defendants' Motion for Summary Judgment is not a 12(b)(6)-type motion. Rather, it is a Rule 56-type motion, as demonstrated by Defendants' inclusion of

multiple affidavits. In the Court's experience, defendants frequently attempt to foreclose all discovery in a case by shoe-horning fact-based arguments into motions to dismiss under the cloak of qualified immunity. While qualified immunity was intended to shield a defendant from the burdens of litigation, it does not shield defendants from discovery when there are genuine disputes of material fact which are relevant to the application of qualified immunity. *Behrens v. Pelletier*, 516 U.S. 299, 307-08, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996) (acknowledging that some qualified immunity arguments can only be resolved after discovery).[1] In other words, "qualified immunity does not shield government officials from all discovery, but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). Therefore, as Defendants have asserted fact-based arguments in their Motion for Summary Judgment which will require the Court to receive and consider evidence, a stay on all discovery would be inappropriate.

The Court also believes that placing any limits on discovery beyond those already imposed by the Local Rules and Rules of Civil Procedure would be inequitable here. Defendants have participated in full discovery for the past ten weeks. Yet now – one week before their depositions – they want the Court to raise the qualified

---

[1]*See also Roderick*, 144 F. Supp. 2d at 636 (court postponed determination of qualified immunity pending completion of discovery); *Montgomery v. Warren County*, 2011 U.S. Dist. LEXIS 148470, at *6 (S.D. Miss. Dec. 27, 2011) (plaintiff was not required to produce evidence to rebut defendants' invocation of qualified immunity prior to discovery); *Dean v. Walker*, 2009 U.S. Dist. LEXIS 117319, at *25-*26 (S.D. Miss. Dec. 15, 2009) (where record lacked sufficient facts to address the cause of an accident and the defendant's state of mind at the time of an accident, court declined to address qualified immunity until after discovery).

immunity shield and cut Plaintiffs off. The Court holds that in this particular case Defendants waived their right to narrowly-tailored discovery. *Cf. Largent v. City of Dallas*, 44 F.3d 1004, 1995 WL 10516, at *4 (5th Cir. 1995) (where defendant never sought to limit the scope of a deposition to immunity-related facts, he waived the argument on appeal that the district court failed to narrowly tailor discovery); *Craven v. Perry County*, 2012 U.S. Dist. LEXIS 116217, at *7 (S.D. Miss. Aug. 17, 2012) (where both sides of a dispute sought discovery outside the scope of qualified immunity issues, the Court held that it should be allowed).

For all of these reasons, the Court **denies** Defendants' Motion to Stay [48].

SO ORDERED AND ADJUDGED this 3rd day of July, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

4