**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**AMOS S. WATKINS, JR., et al. PLAINTIFFS**

**v. CIVIL ACTION NO. 4:12-CV-54-KS-MTP**

**DR. SUZANNE CAROL HAWLEY, et al. DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court **grants in part and denies in part** Defendants' Motion for Summary Judgment [63]. Specifically:

1. The Court **grants** the motion with respect to Plaintiffs' First Amendment retaliation claim;

2. The Court **declines to consider** Defendants' argument concerning the elements of municipal liability under § 1983;

3. The Court **grants** the motion with respect to Plaintiffs' failure to exhaust the IDEA's administrative remedies for their Fourteenth Amendment and privacy claims;

4. The Court **denies** the motion with respect to Plaintiffs' failure to exhaust the IDEA's administrative remedies for their ADA and Rehabilitation Act claims;

5. The Court **denies** the motion with respect to emotional/mental damages claimed by the minor Plaintiffs; and

6. The Court **grants** the motion with respect to emotional/mental damages claimed by Plaintiffs Amos and Rebecca Watkins, and with respect to all Plaintiffs' claims for economic damages/medical expenses.

Defendants' Motion for Qualified Immunity [46] as to Plaintiffs' First Amendment retaliation claim is **moot**.

## I. BACKGROUND

Plaintiffs Rebecca Watkins and Amos Watkins are the parents of Plaintiffs A.

Watkins and G. Watkins. A. and G. have been diagnosed with Autism Spectrum Disorder, and they are students in the Quitman Consolidated School District, where they receive special education services.

In January 2010, Ms. Watkins was elected to the Board of Trustees for the District. She claims to have made critical/unfavorable statements about the District's Superintendent, Defendant Suzanne Hawley. Plaintiffs claim that Hawley and other members of the Board responded to her statements by initiating a campaign of retaliation and harassment against their family. Among other things, Plaintiffs claim that Defendants denied special education services to A. and G.

Plaintiffs asserted multiple causes of action against Hawley, the individual members of the Board, and the District. Plaintiffs' chief claim is that the Defendants violated Ms. Watkins' First Amendment rights by retaliating against her speech, but they also asserted claims for the violation of the Fourteenth Amendment's due process and equal protection clauses, the ADA, and § 504 of the Rehabilitation Act. Defendants filed two Motions for Summary Judgment [46, 63], which the Court now considers.

## II. MOTION FOR SUMMARY JUDGMENT [63]

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the

nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

***A. Section 1983 – 1st Amendment Retaliation***

"The First Amendment prohibits not only direct limitations on speech but also adverse government action against an individual because of her exercise of First Amendment freedoms." *Izen v. Catalina*, 398 F.3d 363, 367 (5th Cir. 2005). To make out a retaliation claim, Plaintiffs must demonstrate that "(1) they were engaged in a constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against

the plaintiffs' exercise of constitutionally protected conduct." *Id.*

Plaintiff Rebecca Watkins claims that during a 2010 meeting of the Board of Trustees for the Defendant Quitman County School District she made critical/unfavorable comments about Defendant Suzanne Hawley, the District's Superintendent. She believes that Defendants retaliated against her speech by engaging in a campaign of harassment and intimidation against her family. Ms. Watkins – a member of the Board of Trustees – admits that her comments were made in the course and scope of her duties as a school board member.

"The Supreme Court has clearly held that when a public employee speaks pursuant to her official duties, that speech is not protected by the First Amendment." *Alexander v. Brookhaven Sch. Dist.*, 428 F. App'x 303, 308 (5th Cir. 2011) (citing *Garcetti v. Ceballos*, 547 U.S. 410, 421, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006)). It is undisputed that Rebecca Watkins' alleged speech was pursuant to her official duties as a member of the school board. Plaintiffs admitted that to be the case at several places in their briefing, and Ms. Watkins specifically testified that she had never said anything critical of Defendants outside of school board meetings. In fact, she testified that the Board meetings at issue were closed to the public. Her speech, therefore, was not protected by the First Amendment,[1] and Plaintiffs can not make out the first

[1]*See Id.* (plaintiff assistant superintendent's sexual harassment report was pursuant to her official duties and, therefore, not protected speech); *Williams v. Dallas Indep. Sch. Dist.*, 480 F.3d 689, 694 (5th Cir. 2007) (athletic director's memo written in course and scope of his duties was not protected speech); *Cavazos v. Edgewood Indep. Sch. Dist.*, 210 F. App'x 414, 415 (5th Cir. 2006) (principal's discipline of a student and report to administrators fell within her official duties and were not protected speech); *Mitchell v. Okolona Sch. Dist.*, No. 1:10-CV-135-

element of a First Amendment retaliation claim. *Izen*, 398 F.3d at 367 (Plaintiff must demonstrate that they were engaged in a constitutionally protected activity). The Court, therefore, grants Defendants' motion for summary judgment as to Plaintiffs' First Amendment retaliation claim.

### *B. Section 1983 – Official Capacity Claims*

Defendants argue that Plaintiffs' Section 1983 claims against the District and the individual Defendants in their official capacities must be dismissed because Plaintiffs failed to establish the necessary elements for municipal liability under Section 1983. Defendants first raised this argument in their rebuttal brief. Plaintiffs have not had an opportunity to respond to it, and the Court will not address it. *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008).

### *C. IDEA-Related Claims*

Defendants argue that all of Plaintiffs' claims that are related to the IDEA must be dismissed for failure to exhaust administrative remedies. The IDEA provides:

> Nothing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this part, the [administrative remedies] shall be exhausted to the same extent as would be required had the action been brought under this part.

20 U.S.C. § 1415(l). Thus, "when a plaintiff brings a claim under [another statute]

---

GD-JAD, 2011 U.S. Dist. LEXIS 33424, at *9 (N.D. Miss. Mar. 29, 2011) (superintendent's hiring of an employee was part of her official duties and not protected symbolic speech).

which is within the 'zone of interests' of IDEA, but has failed to request or attend an IDEA due process hearing, she is barred from [other] relief by her failure to exhaust her administrative remedies." *Spann v. Word of Faith Christian Ctr. Church*, 589 F. Supp. 2d 759, 769 (S.D. Miss. 2008).

Plaintiffs apparently concede that they have not exhausted administrative remedies with respect to their claims in the present case.[2] Therefore, the Court must examine each of Plaintiffs' remaining causes of action and determine whether they seek relief that is available under the IDEA.

*1. Fourteenth Amendment Due Process/Equal Protection*[3]

Plaintiffs asserted a Section 1983 claim for the alleged violation of their Fourteenth Amendment rights to due process and equal protection. They claim that Defendants violated the Fourteenth Amendment by denying them benefits guaranteed by the IDEA. "[P]laintiffs cannot escape the administrative exhaustion requirements of the IDEA by pleading a cause of action under § 1983 based upon violations of their IDEA rights . . . ." *Comb v. Rowell*, 2013 U.S. App. LEXIS 9437, at *3 (5th Cir. May 9,

[2]The Court assumes as much, because Plaintiffs did not argue that they had, in fact, exhausted the administrative remedies. Likewise, neither party addressed whether Plaintiffs presented their present claims to the hearing officers in the administrative actions preceding Plaintiffs' two previous IDEA-enforcement actions. *See* Complaint, *Watkins v. Quitman Sch. Dist.*, No. 4:11-CV-40-KS-MTP (S.D. Miss. Mar. 8, 2011), ECF No. 1; Complaint, *Watkins v. Quitman Sch. Dist.*, No. 4:12-CV-53-KS-MTP (S.D. Miss. Apr. 2, 2012), ECF No. 1.

[3]The parties' briefs focused on Plaintiffs' First Amendment retaliation claim, but Defendants' seek summary judgment as to *all* of Plaintiffs' claims for their failure to exhaust administrative remedies. The Court, therefore, addressed the exhaustion argument as it pertains to every count in the Second Amended Complaint.

2013); *see also D. A. v. Houston*, 629 F.3d 450, 456 (5th Cir. 2010) (IDEA's comprehensive enforcement scheme justifies presumption that it is meant to be the exclusive remedy for violations thereof). Plaintiffs, therefore, were required to exhaust their administrative remedies with respect to their Section 1983 claims for alleged violation of their Fourteenth Amendment rights to due process and equal protection.

*2. Right of Privacy*

Plaintiffs claim that Defendants violated their right to privacy guaranteed by the Fourteenth Amendment and the Family and Educational Rights and Privacy Act ("FERPA").[4] The IDEA provides for the "protection of the confidentiality of any personally identifiable data, information, and records collected or maintained by the Secretary and by State educational agencies and local educational agencies . . . ." 20 U.S.C. § 1417(c); *see also A. B. v. Clarke Cnty. Sch. Dist.*, No. 3:08-CV-041, 2009 U.S. Dist. LEXIS 27102, at *32 (M.D. Ga. Mar. 30, 2009) (both IDEA and FERPA prohibit dissemination of educational records to third parties without consent). Plaintiffs' privacy claim, therefore, seeks relief available under the IDEA, and Plaintiffs must exhaust their administrative remedies.

*3. ADA/Rehabilitation Act Discrimination and Retaliation*

This Court has previously addressed whether a plaintiff must exhaust administrative remedies under IDEA before bringing § 504 and ADA discrimination claims. *See Spann*, 589 F. Supp. 2d at 769-70. The Court held that the IDEA provides no relief for "pure discrimination claims," and, accordingly, plaintiffs are not required

[4]20 U.S.C. § 1232, *et seq.*

to exhaust the IDEA's administrative remedies before asserting such claims. *Id.* (citing *Ellenberg v. New Mexico Military Inst.*, 478 F.3d 1262, 1279 (10th Cir. 2007)); *but see M. T. V. v. Dekalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1158-59 (11th Cir. 2006) (claims related to student's evaluation and education were subject to the exhaustion requirement).

Here, Plaintiffs alleged a variety of non-education injuries – including physical and emotional damages caused by intentional discrimination and retaliation – which can not be redressed by the IDEA's administrative procedures and remedies. The Court concludes, therefore, that Plaintiffs were not required to exhaust the IDEA's administrative remedies before asserting their ADA and § 504 discrimination and retaliation claims. *See Spann*, 589 F. Supp. 2d at 769-70; *Tristan v. Socorro Indep. Sch. Dist.*, 902 F. Supp. 2d 870, 878-80 (W.D. Tex. 2012) (where the IDEA provided no remedy for the alleged injuries suffered by the plaintiff, exhaustion was not required); *Deshotel v. W. Baton Rouge Parish Sch. Bd.*, No. 10-81-FJP-CN, 2011 U.S. Dist. LEXIS 125969, at *20-*24 (M.D. La. Oct. 28, 2011); *R. J. v. McKinney Indep. Sch. Dist.*, No. 4:05-CV-257, 2005 U.S. Dist. LEXIS 39470, at *22-*23 (E.D. Tex. Dec. 29, 2005) (where plaintiffs sought money damages for non-educational injuries, they were not required to exhaust).[5]

---

[5]It may be that *some* of the injuries alleged by Plaintiffs can be remedied through the IDEA. *Cf. Houston Indep. Sch. Dist.*, 629 F.3d at 454 (IDEA claims may overlap with § 504 and ADA claims such that claim and issue preclusion apply, but it is unclear what remedies remain after resolution of the IDEA claim). But Defendants made a broad argument applying to *all* of Plaintiffs' alleged injuries. The Court declines to sort through Plaintiffs' allegations on Defendants' behalf. If Defendants want to raise this issue again – offering more specific arguments – they

*4. Futility/Inadequacy*

The Court found above that Plaintiffs are required to exhaust their administrative remedies with respect to their Fourteenth Amendment due process and equal protection claims, and their privacy claims. Plaintiffs argue, though, that exhaustion would have been futile and/or inadequate.

A party is not required to exhaust the IDEA's administrative remedies "where exhaustion would be futile or inadequate." *Gardner v. School Bd. Caddo Parish*, 958 F.2d 108, 112 (5th Cir. 1992). Plaintiffs bear the burden of proving the futility or inadequacy of administrative review. *Id.* "To show futility, a plaintiff must demonstrate that adequate remedies are not reasonably available or that the wrongs alleged could not or would not have been corrected by resort to the administrative hearing process." *M. L. v. Frisco Indep. Sch. Dist.*, 451 F. App'x 424, 428 (5th Cir. 2011). The plaintiff must prove that both the due process hearing and appeal to the state administrative agency would be futile or inadequate. *Papania-Jones v. Dupree*, 275 F. App'x 301, 304 (5th Cir. 2008); *Flores v. Sch. Bd. of Desoto Parish*, 116 F. App'x 504, 511 (5th Cir. 2004).

Plaintiffs' briefing on the futility/inadequacy of exhaustion focuses on Plaintiff Rebecca Watkins' claim of First Amendment retaliation. Plaintiffs failed to address why exhaustion of their Fourteenth Amendment and privacy claims would be futile. Accordingly, the Court finds that they failed to prove that exhaustion of those claims would be futile/inadequate. *See Flores*, 116 F. App'x at 511-12 (plaintiff provided no

---

may do so.

reason why appeal would be futile or inadequate); *Sandifer v. Lumberton Pub. Sch. Dist.*, 2007 U.S. Dist. LEXIS 51382, at *8-*9 (S.D. Miss. July 16, 2007) (plaintiff failed to offer any evidence and made conclusory allegations of futility).

### *D. Damages*

Finally, Defendants argue that Plaintiffs do not have sufficient evidence to support an award of damages for emotional distress, pain and suffering, and future losses.

#### *1. Emotional Distress/Pain and Suffering*

"Compensatory damages for emotional distress and other intangible injuries are not presumed from the mere violation of constitutional or statutory rights, but require specific individualized proof, including how each plaintiff was personally affected by the . . . conduct and the nature and extent of the harm." *Decorte v. Jordan*, 497 F.3d 433, 442 (5th Cir. 2007). Claims for such damages "must be supported by specific evidence . . . . Such evidence may include medical or psychological evidence in support of the damage award. A plaintiff's conclusory statements that he suffered emotional harm are insufficient." *Miller v. Raytheon Co.*, 716 F.3d 138, 147 (5th Cir. 2013). "[H]urt feelings, anger and frustration are part of life, and [are] not the types of harm that [can] support a mental anguish award." *Brady v. Fort Bend Cnty.*, 145 F.3d 691, 718 (5th Cir. 1998).

Plaintiffs do not have sufficient evidence to support an award of emotional damages with respect to Plaintiffs Rebecca and Amos Watkins. Amos Watkins testified that he had no such damages. As for Rebecca Watkins, Plaintiffs have not produced

any of her medical records. Although Ms. Watkins testified that she had seen mental health professionals, Plaintiffs have not offered affidavits or records from those practitioners. Finally, although Plaintiffs designated expert witnesses on this subject, they failed to present any testimony – by affidavit, deposition, or otherwise – from those experts. In summary, Plaintiffs have only presented Ms. Watkins' vague, conclusory testimony. That is insufficient to support a claim for emotional damages. *Miller*, 716 F.3d at 147.[6]

As for the minor Plaintiffs, A. and G. Watkins, Plaintiffs presented similarly vague and conclusory testimony from Ms. Watkins. They also presented letters from psychiatrists at the University of Mississippi Medical Center which describe certain behavioral and emotional problems each minor Plaintiff suffered from in March 2011. Although the psychiatrists expressed no conclusions as to the causation of these problems, the temporal sequence of events could support a reasonable inference that Defendants' alleged actions contributed to the minor Plaintiffs' problems. This evidence – as slim as it may be – is sufficient to create a genuine issue of material fact as to whether the minor Plaintiffs have suffered emotional damages as a result of Defendants' alleged actions.

*2. Economic Damages*

---

[6]Plaintiffs argue that Defendants are responsible for seeking out such information on their own. Defendants are certainly responsible for conducting their own discovery. But when a defendant files a motion for summary judgment and "the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra*, 626 F.3d at 812. The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.*

Defendants also argue that Plaintiffs have no evidence of any past or future economic damages. Indeed, the record contains no specific evidence of such damages, even though Plaintiffs claim to have suffered them. Plaintiff Rebecca Watkins testified that they had incurred bills for medical treatment because of Defendants' alleged actions, but she could not provide a specific amount. The record contains no documentation of such bills or any specific figures with regard to economic damages.

Awards for medical expenses and other economic damages may not be based solely on conjecture or speculation. *See Denton v. Morgan*, 136 F.3d 1038, 1046 (5th Cir. 1998); *Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421, 1427-28 (5th Cir. 1988); *Haley v. Pan American World Airways, Inc.*, 746 F.2d 311, 316 (5th Cir. 1984) ("A damages award cannot stand when the only evidence to support it is only speculative or purely conjectural."). Plaintiffs have not presented sufficient evidence to support an award of economic damages. Accordingly, the Court grants Defendants' Motion for Summary Judgment with respect to Plaintiffs' claims for medical expenses and other economic damages.

## III. MOTION FOR QUALIFIED IMMUNITY [46]

Defendants also filed a Motion for Summary Judgment [46] on the basis of qualified immunity. That motion only addresses the First Amendment retaliation claim. As the Court ruled above that Plaintiff Rebecca Watkins' alleged speech is not protected by the First Amendment, Defendants' Motion for Qualified Immunity [46] is moot.

## IV. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Defendants' Motion for Summary Judgment [63]. Specifically:

1. The Court **grants** the motion with respect to Plaintiffs' First Amendment retaliation claim;

2. The Court **declines to consider** Defendants' argument concerning the elements of municipal liability under § 1983;

3. The Court **grants** the motion with respect to Plaintiffs' failure to exhaust the IDEA's administrative remedies for their Fourteenth Amendment and privacy claims;

4. The Court **denies** the motion with respect to Plaintiffs' failure to exhaust the IDEA's administrative remedies for their ADA and Rehabilitation Act claims;

5. The Court **denies** the motion with respect to emotional/mental damages claimed by the minor Plaintiffs; and

6. The Court **grants** the motion with respect to emotional/mental damages claimed by Plaintiffs Amos and Rebecca Watkins, and with respect to all Plaintiffs' claims for economic damages/medical expenses.

Defendants' Motion for Qualified Immunity [46] as to Plaintiffs' First Amendment retaliation claim is **moot**.

SO ORDERED AND ADJUDGED this 16th day of September, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE