IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**AMOS S. WATKINS, JR., et al.**                                               **PLAINTIFFS**

**v.**                          **CIVIL ACTION NO. 4:12-CV-54-KS-MTP**

**DR. SUZANNE CAROL HAWLEY, et al.**                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendants' Second Motion for Summary Judgment [78].

### I. INTRODUCTION

Plaintiffs Rebecca Watkins and Amos Watkins are the parents of Plaintiffs A. Watkins and G. Watkins. A. and G. have been diagnosed with Autism Spectrum Disorder, and they are students in the Quitman Consolidated School District, where they receive special education services.

In January 2010, Ms. Watkins was elected to the Board of Trustees for the District. She claims to have made unfavorable statements about the District's Superintendent, Defendant Suzanne Hawley, during a School Board meeting. Plaintiffs claim that Hawley and other members of the Board responded to her statements by initiating a campaign of retaliation and harassment against their family. Among other things, Plaintiffs claim that Defendants denied special education services to A. and G.

Plaintiffs asserted multiple causes of action against Hawley, the individual members of the Board, and the District. Plaintiffs' chief claim was that the Defendants

violated Ms. Watkins' First Amendment rights by retaliating against her speech, but they also asserted claims for the violation of the Fourteenth Amendment's due process and equal protection clauses, the ADA, and § 504 of the Rehabilitation Act. Defendants filed a Motion for Summary Judgment [63], which the Court granted in part and denied in part. *Watkins v. Hawley*, 2013 U.S. Dist. LEXIS 132033 (S.D. Miss. Sept. 16, 2013). The Court denied the motion with respect to Plaintiffs' ADA and Section 504 claims. *Id.* at *13. Defendants later filed a Second Motion for Summary Judgment [78] on those claims, and it is ripe for review.

## II. DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the

evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

The Court need only address one argument from Defendants' Second Motion for Summary Judgment [78]. Defendants contend that Plaintiffs failed to present evidence that Defendants' actions were because of the minor Plaintiffs' disability. "The ADA is a federal anti-discrimination statute designed to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities," and Section 504 "was enacted to ensure that handicapped individuals are not denied . . . benefits because of prejudiced attitudes or ignorance of others." *Delano-Pyle v. Victoria County*, 302 F.3d 567, 574 (5th Cir. 2002). The standard of liability is the same under either law. *D.A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir. 2010). A plaintiff "may only recover compensatory damages upon a showing of intentional discrimination." *Delano-Pyle*, 302 F.3d at 574. To establish a prima facie case of discrimination, a plaintiff must prove:

> (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, service, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination

3

is by reason of his disability.

*Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 672 (5th Cir. 2004).

The third element – causation – differs for each cause of action. For Section 504 claims, "a plaintiff must prove that he was discriminated against *solely* by reason of his handicap (or perceived handicap)." *Soledad v. United States Dept. of Treasury*, 304 F.3d 500, 504 (5th Cir. 2002); *see also Pinkerton v. Spellings*, 529 F.3d 513, 516 (5th Cir. 2008). "Under the ADA, discrimination need not be the sole reason for the adverse . . . decision, [but] must actually play a role in the . . . decision making process and have a determinative influence on the outcome." *Soledad*, 304 F.3d at 504 (alteration original). Phrased differently, the ADA only requires a plaintiff to demonstrate that discrimination "was a motivating factor" in the denial of benefits. *Maples v. Univ. of Tex. Med. Ctr.*, No. 12-41226, 2013 U.S. App. LEXIS 8535, at *4 (5th Cir. Apr. 26, 2013) (per curiam).

Plaintiffs have not presented any evidence that discrimination was a motivating factor – much less the sole reason – for the alleged denial of benefits to the minor Plaintiffs. In fact, they have not even argued or alleged that Defendants were motivated by discriminatory intent. Plaintiffs admitted in briefing that Defendants acted in retaliation for Plaintiff Rebecca Watkins criticizing Defendant Hawley at a school board meeting.[1] In her affidavit, Rebecca Watkins stated: "Both AJW and GJW

---

[1] For example, Plaintiffs stated that Defendants were "[m]otivated by [their] disdain for Rebecca Watkins . . . ." Memorandum in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment at 18, *Watkins v. Hawley*, No. 4:12-CV-54-KS-MTP (S.D. Miss. Oct. 21, 2013), ECF No. 83. The brief contains other

have been discriminated against as students with Autism Spectrum Disorder by QCSD in an effort to retaliate against me for raising concerns regarding the performance of Defendant Hawley and QCSD."[2] In her own words, Defendants' "actions were substantially motivated by statements criticizing Defendant Hawley and the administration of QCSD in the QCSD Board of Trustees Meeting."[3]

Plaintiffs argue, though, that Defendants' actions were nevertheless because of the minor Plaintiffs' disabilities. They contend that Defendants would not have been able to deny any disability benefits but for the existence of the minor Plaintiffs' disabilities. This argument is absurd sophistry. The purpose of the ADA and Section 504 is the "elimination of discrimination against individuals with disabilities," and ensuring "that handicapped individuals are not denied . . . benefits because of prejudiced attitudes or ignorance of others." *Delano-Pyle*, 302 F.3d at 574. The causation element pertains to the motivations of the Defendants, and Plaintiffs have not offered any evidence whatsoever that the minor Plaintiffs' disability was a motivating factor – much less the sole reason – for the Defendants' actions. *Soledad*, 304 F.3d at 504. At best, Plaintiffs presented evidence that Defendants were motivated by Plaintiff Rebecca Watkins' public criticism of their job performance, which entails no discriminatory animus or intent.

---

similar statements. *See, e.g., id.* at 2, 4, 13-14, 21.

[2] July 17, 2013 Affidavit of Becky Watkins at 8, *Watkins v. Hawley*, No. 4:12-CV-54-KS-MTP (S.D. Miss. Oct. 21, 2013), ECF No. 82-1.

[3] *Id.* at 3.

5

### III. CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs have failed to present evidence that Defendants' actions were by reason of the minor Plaintiffs' disabilities. Accordingly, the Court **grants** Defendants' Second Motion for Summary Judgment [78] as to Plaintiffs' ADA and Section 504 discrimination claims.

SO ORDERED AND ADJUDGED this 8th day of November, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE